IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| KEVIN PITTS, #313788,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN LEE CORRECTIONAL<br>INSTITUTION,<br><br>        Respondent. | Civil Action No. 3:11-2093-JFA-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Kevin Pitts ("Pitts"), is an inmate with the South Carolina Department of Corrections serving a sentence of thirty years for murder. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 5, 2011.[1] Respondent filed a return and motion for summary judgment on February 17, 2012. Because Pitts is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 21, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Pitts filed his response to Respondent's motion on April 5, 2012.

**Background and Procedural History**

On September 10, 2004, at Pendleton High School, Candace Pitts, Pitts' sister, and Courtney Cleveland had an alteration over Anthony Haygood ("Haygood"), with whom both girls had a relationship. Candace Pitts called her brother to come to the school. Pitts did so and ended the

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

altercation by shooting and killing Haygood. Pitts pled guilty on February 13, 2006. He was represented by Charles Whiten, Esquire. He did not file a direct appeal.

Pitts filed an application for post-conviction relief on January 11, 2007. (App. 20). An evidentiary hearing was held on June 17, 2009. (App. 41). Pitts was represented by A. West Lee, Esquire. The PCR court issued an order of dismissal on October 5, 2009. (App. 85). A Johnson[2] petition for a writ of certiorari was filed by the South Carolina Commission on Indigent Defense raising the following issue:

> The PCR judge erred in denying petitioner's allegation that his guilty plea was given involuntarily because it was obvious that he was coerced into pleading guilty in the case.

Pursuant to state procedure, Pitts filed a *pro se* brief. The petition for writ of certiorari was denied by the South Carolina Supreme Court on June 24, 2011. The Remittitur was returned on July 12, 2011.

## **Grounds for Relief**

In his present petition, Pitts asserts he is entitled to a writ of habeas corpus on the following grounds:

1. Ineffective Assistance of trial counsel - counsel failed to challenge sufficiency of arrest warrants.

2. Involuntary guilty plea

3. Lack of probable cause for arrest

4. Nolle prose - conviction

5. Newly discovered evidence

---

[2]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

2

**Discussion**

Since Pitts filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a

3

> new context where it should not apply or unreasonably refuses to extend that
> principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

**1. Involuntary Guilty Plea (Ground 2)**

A valid guilty plea must be the informed, voluntary decision of a competent defendant who has the opportunity to receive the advice of a reasonably competent attorney. A defendant must be informed of the charges against him and the protections afforded by the United States Constitution. Boykin v. Alabama, 395 U.S. 238 (1969); Henderson v. Morgan, 426 U.S. 637 (1976). The defendant must be informed of the direct consequences of his plea such as the maximum sentence and any applicable mandatory minimum sentence. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

The PCR court applied the standards of Hill v. Lockhart and Boykin v. Alabama, supra. The court recognized that a defendant's admissions under oath at the change of plea hearing substantially limit his ability to challenge those statements at a later time. (App. 88). See Blackledge v. Allison, 431 U.S. 63 (1977). Pitts expressly admitted his guilt under oath and stated he was satisfied with the services of his attorney during the change of plea hearing. (App. 3). The undersigned concludes that the PCR court properly applied the precedents cited above.

In reaching its conclusion, the PCR court noted that the case against Pitts was overwhelming. There were several eyewitnesses to the murder who identified Pitts. Pitts confessed to shooting Haygood and led police to the murder weapon. The State dismissed a charge of possession of a firearm during a crime of violence, and Pitts received the minimum sentence for murder.

### 2. Arrest Warrant (Ground 3)

Pitts asserts that he is entitled to a writ of habeas corpus because the arrest warrant charging him with murder was insufficient. The arrest warrant is a part of the record. The affidavit used to establish probable cause for the arrest states in its entirety:

> On 9/10/2004 [Pitts] did with malice aforethought, unlawfully kill Anthony B. Ha[y]good B/M, by shooting him with a pistol. This incident occurred at 7324 S.C. Hwy. 187 North in Anderson County.

The Fourth Amendment to the United States Constitution states in part, "no warrants shall issue, but upon probable cause, supported by Oath or affirmation..." Probable cause is "defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed an offense." Rogers v. Pendleton, 249 F.3d 279, 290 (2001). "An affidavit must contain sufficient underlying facts and information upon which a magistrate may make a determination of probable cause. Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient." Illinois v. Gates, 462 U.S. 213, 239 (1983) (citations omitted).

Even assuming that the murder warrant was insufficient, Pitts' claim fails for at least two reasons. First, by pleading guilty, Pitts waived all non-jurisdictional defects to his conviction. Tollett v. Henderson, 411 U.S. 258 (1973). Under South Carolina law jurisdiction to try Pitts on the charge was by way of indictment. S*ee* S.C.Code Ann. § 17-19-10. Second, Stone v. Powell, 428 U.S. 465, 482 (1976) precludes a federal court from granting habeas relief on an alleged Fourth Amendment violation if "the State has provided a full and fair litigation" of the claim. Shortly after Stone was decided the Fourth Circuit stated the appropriate framework for the District Courts to employ when considering a Fourth Amendment claim in a § 2254 petition:

> "[A] district court..., should, under Stone v. Powell, first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice.
>
> \*             \*             \*
>
> Second,...when the district court has made the 'opportunity' inquiry, it need not inquire further into the merits of petitioner's case, when applying Stone v. Powell unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."

Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978). *See also* Mueller v. Angelone, 181 F.3d 557, 570 n. 8 (4th Cir. 1999).

While "Stone v. Powell, marked for most practical purpose, the end of federal court reconsideration of Fourth Amendment claims by way of habeas petitions where petitioner has the opportunity to litigate those claims in state court", Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982), claims of ineffective assistance of counsel in litigating those claims in state court may be raised and are cognizable in the § 2254 petition. Kimmelman v. Morrison, 477 U.S. 365, 382-383 (1986).

### 3. Ineffective Assistance of Trial Counsel (Ground 1)

Pitts asserts that his trial attorney was ineffective for failing to challenge the sufficiency of the arrest warrants. This issue was raised in the PCR, rejected by the PCR court, and included in Pitts *pro se* petition for writ of certiorari. The South Carolina Supreme Court denied the writ.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. at 267. When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

As discussed above, the PCR court concluded that Pitts' plea was voluntary. The PCR court also found that Pitts' trial attorney was not ineffective for failing to challenge the arrest warrant given the overwhelming evidence against Pitts. The murder warrant is a part of the record before this Court. Pitts argues that there is insufficient factual detail in the affidavit to support a probable cause determination. However, even if the warrant was defective under South Carolina law, the State would have been able to try Pitts based on the indictment. Gerstein v. Pugh, 420 U.S. 103 (1975). Under these circumstances, Pitts is unable to show prejudice. Even if counsel had successfully challenged the warrant, Pitts could still have been tried.

**4. Possession of a Firearm During a Crime of Violence (Grounds 4 and 5).**

In addition to the murder charge to which he pled guilty, Pitts was also charged with possession of a firearm during a crime of violence. Grounds 4 and 5 assert confusing claims about that charge. However, the record shows (and Pitts appears to concede) that the weapons charge was dismissed. He was not convicted of the weapons charge and is not in custody as a result of that charge. Therefore, Pitts' claims with respect to the dismissal charge are not cognizable for habeas relief.

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

>   _____
>   Joseph R. McCrorey
>   United States Magistrate Judge

Columbia, South Carolina

July 26, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).