UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Pitts, #313788, | C/A No. 3:11-2093-JFA-JRM |
| Petitioner, | |
| v. | ORDER |
| Warden, Lee Correctional Institution, | |
| Respondent. | |

The *pro se* petitioner, Kevin Pitts, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 raising various challenges to his state court conviction for murder.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on July 26, 2012. The petitioner filed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

timely objections to the Report. Thus, this matter is ripe for review.

*Standards of Law*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

In a § 2254 action, the standard of review to be applied is quite deferential to the rulings of the state courts. Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits

in state court proceedings unless the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(2); *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

This court has carefully reviewed the Magistrate Judge's findings on petitioner's claims that the arrest warrant was insufficient and that trial counsel was insufficient for failing to challenge the sufficiency of these arrest warrants, and finds the Magistrate Judge's opinion correct under the proper standards of law. As the petitioner has not objected to this portion of the Magistrate Judge's Report, it will not be discussed herein. The Magistrate Judge's conclusions are adopted as the order of this court.

*Involuntary Guilty Plea*

Petitioner claims that his guilty plea was involuntarily made as a result of plea counsel's alleged psychological coercion. The PCR court found that trial counsel did not coerce him to entering a plea, as it was supported by the petitioner's testimony at the plea hearing, and that the petitioner knowingly and voluntarily entered his guilty plea. Thus, the PCR court found no ineffective assistance of counsel or resulting prejudice under *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Petitioner objects to the Magistrate Judge's conclusion that the PCR court properly applied the standards of *Hill v. Lockhart*, 474 U.S. 52 (1985) and *Boykin v. Alabama*, 395 U.S. 238 (1969) when it found that Pitts expressly admitted his guilt under oath and stated he was satisfied with the services of his attorney during the change of plea hearing. Moreover, the PCR court recognized that a defendant's admissions under oath at the change of plea hearing substantially limited his ability to challenge those statements at a later time. *Blackledge v. Allison*, 431 U.S. 63 (1977).

In his objection to the Report, the petitioner maintains that his attorney psychologically coerced him to plead guilty. He also appears to suggest that he "may

4

presently be suffering from mental disease of defect rendering the defendant mental incompetent." However, this court agrees with the Magistrate Judge that Pitts cannot show that the PCR court's decisions on the involuntary guilty plea claim were contrary to or an unreasonable application of clearly established federal law, nor were the PCR court's decisions based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. This court determines that the Magistrate Judge's recommended disposition on petitioner's involuntary guilty plea claim, as well as petitioner's claims regarding the arrest warrant, are correct. Accordingly, the objections are overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment (ECF No. 24) is granted and the habeas petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

September 11, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).